EDWARDS WILDMAN PALMER
44 Whippany Road
Morristown, New Jersey 07960
Phone:  973-520-2300
Fax:  973-520-2600

*Attorneys for Bank of America, N.A.*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
MISHKA PUSEY,                         :

                                    :     Index No.  14-cv-04979 (ILG)(LB)
                  Plaintiff,     :
                                      :
     -against-                  :
                                      :
BANK OF AMERICA, N.A., and     :
BANKING CENTER MANAGER,     :
                                      :
                  Defendants.    :
-------------------------------------------------------------X

### <u>MEMORANDUM OF LAW IN SUPPORT OF BANK OF AMERICA, N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...........................................................................................1

STATEMENT OF FACTS ................................................................................................2

ARGUMENT .................................................................................................................4

     POINT I – LEGAL STANDARD...............................................................................4

     POINT II – PUSEY'S COMPLAINT FAILS TO STATE A CAUSE OF
     ACTION FOR COMMON LAW 'RESTRAINT OF TRADE' ........................................5

     POINT III – PUSEY'S COMPLAINT FAILS TO STATE A CAUSE OF
     ACTION FOR STATUTORY "RESTRAINT OF TRADE"............................................7

CONCLUSION.............................................................................................................11

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Abe's Rooms, Inc. v. Space Hunters, Inc.,
        38 A.D.3d 690 (2d Dep't 2007) ...................................................................................10

Ashcroft v. Iqbal,
        129 S. Ct. 1937 (2009) ....................................................................................................4

Bell Atlantic Corp. v. Twombly,
        550 U.S. 544 (2007) .........................................................................................................4

Benjamin v. Austin Sheppard Realty, Inc.,
        34 A.D.3d 91 (2d Dep't 2006) .....................................................................................8, 9

Garber v. Bd. of Trustees,
        38 A.D.3d 833 (2d Dep't 2007) .....................................................................................5

Guard-Life Corp., v. S. Parker Hardware Manufacturing Corp.,
        406 N.Y. 2d 183 (N.Y. 1980) .......................................................................................6

In re Coin Phones, Inc. v. New York Telephone,
        203 B.R. 184 (S.D.N.Y. 1996) ......................................................................................7

Krause v. Lancer & Loader Group, LLC,
        40 Misc.3d 385 (Sup. Ct. New York County 2013) ......................................................5

Lopresti v. Massachusetts Mutual Life Ins. Co.,
        2004 WL 2364916 (N.Y. Sup. Ct. Kings Co. Oct. 19, 2004), aff'd 30 A.D.3d 474 (2d
        Dep't 2006) .................................................................................................................7, 10

Lopresti v. Massachusetts Mutual Life Ins. Co.,
        30 A.D.3d 474 (2d Dep't 2006) ....................................................................................11

Maas v. Cornell Univ.,
        94 N.Y.2d 87 (1999) ......................................................................................................5

Mahmud v. Kaufmann, M.D., et. al.,
        454 F. Supp. 2d 150 (S.D.N.Y. 2006) .......................................................................6, 8

Matter of Payton Lane Properties, Inc.,
        1998 WL 1083652 (N.Y. Sup. New York Co. Dec. 17, 1998) ...................................10

Muka v. Greene County,
        477 N.Y.S.2d 444 (3d Dept. 1989), leave denied, 63 N.Y.2d 610 (N.Y. 1984) .......................5

Neri's Land Improvement, LLC v. JJ. Cassone Bakery, Inc.,
    65 A.D.3d 1312 (2d Dep't 2009) ............................................................11

Ruffino v. New York City Transit Authority,
    865 N.Y.S.2d 667 (2d Dep't 2008) ...........................................................2

Ruotolo v. Fannie Mae,
    933 F. Supp. 2d 512 (S.D.N.Y. 2013) .......................................................8

Velez v. Captain Luna's Marina,
    74 A.D.3d 1191 (2d Dep't 2010) ...............................................................5

Weisen v. New York Univ.,
    758 N.Y.S.2d 51 (1st Dep't 2003) .............................................................5

Wolf Concept S.A.R.L. v. Eber Bros.,
    736 F. Supp. 2d 661 (W.D.N.Y. 2010) .....................................................9

STATUTES

CPLR § 3013.................................................................................................5

New York's Donnelly Act, N.Y. General Business Law § 340 ...............................2, 8

OTHER AUTHORITIES

Fed. R. Civ. P. 12(b)(6)...............................................................................2, 4

iii

## PRELIMINARY STATEMENT

Defendant Bank of America, N.A. ("Bank" or "Defendant") submits this memorandum of law in support of its Motion to Dismiss Plaintiff's Complaint.[1]  Plaintiff Mishka Pusey's ("Plaintiff" or "Pusey") claims for "Restraint of Trade" fail as a matter of law for failure to state a claim upon which relief can be granted.

Pusey, a former employee at Defendant's banking center in Brooklyn, New York, alleges that the Bank and an unnamed "Banking Center Manager" (collectively referred to herein as "Defendants") are liable for "Restraint of Trade."  As the basis for her "Restraint of Trade" claims, Pusey alleges that following her termination for unsatisfactory performance in August 2013, the Bank marked her as not eligible for re-hire in its own internal record.  According to Pusey, the Bank's internal business-related action has created an obstacle to her employment with other prospective employers that are unrelated to the Bank.  Pusey speculates that she has not received any offer of employment from her prospective employers because the Bank has marked her as "not-hirable," in its own internal record.

With respect to her allegations, Pusey's Verified Complaint (the "Complaint") fails as a matter of law because she does not set forth a clear statement of what claims are alleged and because she does not identify any legal theory under which she seeks to hold the Bank or the "Banking Center Manager" liable.  To the extent Pusey seeks to hold Defendants liable under a common law theory of restraint of trade, which more precisely should be alleged as a claim for tortious interference with prospective economic advantage, the Complaint fails to state a claim for relief because she does not satisfy the minimum pleading requirements.

---

[1] Plaintiff filed the Verified Complaint ("Complaint") in this matter on July 24, 2014, raising four separate causes of action, each alleging "Restraint of Trade."

1

To the extent Pusey seeks to hold the Bank and the unnamed "Banking Center Manager" liable for a statutory claim of restraint of trade under New York's Donnelly Act, N.Y. General Business Law § 340, that claim similarly fails as Pusey does not have standing to raise such a claim, and because Pusey has not adequately pleaded a viable cause of action. In sum, and for the reasons set forth herein, Pusey's Complaint should be dismissed as to all Defendants for failure to state a cause of action upon which relief can be granted.

## STATEMENT OF FACTS[2]

A copy of Pusey's Complaint is attached as Exhibit A to the Declaration of Jennifer A. Watson, Esq. ("Watson Decl."). Although the Complaint in this matter is factually sparse, the following allegations appear:

1.     The Bank formerly employed Pusey, a Queens resident, from January 28, 2008, through August 13, 2013, with her last place of employment with the Bank at the banking center located at 1580 Flatbush Avenue, Brooklyn, NY. Watson Decl. Ex. A, Complaint at ¶¶ 1, 6, 8.

2.     Pusey held positions as a Banking Center Small Business Specialist and Personal Banker during her employment with the Bank. Id. at ¶ 9.

3.     On August 13, 2013, a "Banking Center Manager," who Pusey has not identified by name, terminated Pusey's employment. Id. at ¶ 10.

4.     Pusey alleges "upon information and belief," that upon her termination, the "Banking Center Manager" internally marked her as "not-hirable." Id. at ¶ 12.

---

[2] For purposes of a motion to dismiss, the law provides that the truth of the statements made in the complaint should be assumed. See Fed. R. Civ. P. 12(b)(6); Ruffino v. New York City Transit Authority, 865 N.Y.S.2d 667, 668 (2d Dep't 2008). Therefore, for purposes of this motion only, the Bank assumes the truth of the allegations in the Complaint but does not waive its right to dispute such factual allegations in any other proceeding in this action.

5.     Pusey alleges that the Bank has not removed its internal notation despite her written and verbal requests.  Id. at ¶¶ 14, 26.

6.     Since her termination, Pusey has completed and submitted job applications to prospective employers, including to Carvel Federal Bank, Signature Bank, Investors Bank, Suntrust Bank, Capital One Bank, Lowe's, and Target.  Id. at ¶¶ 17, 21.

7.     Pusey believes that when she was completing a job application for a position with TD Bank, N.A. ("TD Bank"), the TD Bank system replaced her name with the words "Risk Management."  Id. at ¶ 18.

8.     Pusey believes that when she was completing a job application for a position with Lowe's, Lowe's system replaced her name with the words "Risk Management."  Id. at ¶ 21.

9.     After submitting several applications to JP Morgan Chase Bank, N.A. ("Chase"), Pusey interviewed for a position. Id. at ¶¶ 24, 25.  During the Chase interview, Pusey explained the circumstances of the Bank's "not-hirable" notation, and Pusey was advised that upon removal of the "not-hirable" notation she will be reconsidered for the Chase position.  Id. at ¶ 25.

10.    Pusey has not received any offers of employment from TD Bank, Lowe's, and Chase, or from Carvel Federal Bank, Signature Bank, Investors Bank, Suntrust Bank, Capital One Bank, and Target.  Id. at ¶ 17.

11.    Pusey does not allege that the Bank communicated, disclosed, or shared its internal "not-hirable" notation with any external person or entity, including any of Pusey's prospective employers listed in Paragraphs 6 and 10, above.  See Watson Decl. Ex. A, Complaint.

12.     Pusey does not allege that the Bank coded her as "Risk Management" or instructed or advised TD Bank or Lowe's to code her as "Risk Management" in relation to a submission of an employment application.  See id.

13.     Pusey alleges that the Bank's actions are an unlawful restraint of trade for which Defendants may be held liable for damages in excess of $4,000,000.  Id. at ¶¶ 13, 15, 19, 22, 27, 30.

14.     Pusey requests equitable relief in the form of removal of the Bank's "restraint of trade" on her through the removal of the "not-hirable" and "risk-management" notations.  Id. at ¶ 30.

## ARGUMENT

### POINT I

### LEGAL STANDARD

On a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Pusey's Complaint fails to meet this standard.

Pusey cannot survive dismissal by making conclusory allegations that a claim exists.  "A plaintiff's obligations to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.  Likewise, under New York law, "the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the

plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory." Velez v. Captain Luna's Marina, 74 A.D.3d 1191, 1192 (2d Dep't 2010). "Bare legal conclusions … are not entitled to any such consideration." Velez, 74 A.D.3d at 1192 (brackets and citation omitted); see also Maas v. Cornell Univ., 94 N.Y.2d 87, 91 (1999); Garber v. Bd. of Trustees, 38 A.D.3d 833, 834 (2d Dep't 2007).

In deciding a motion to dismiss, "the court's inquiry is limited to determining whether the complaint states any cause of action, not whether there is evidentiary support for it." Krause v. Lancer & Loader Group, LLC, 40 Misc.3d 385, 391 (Sup. Ct. New York County 2013); Weisen v. New York Univ., 758 N.Y.S.2d 51, 52 (1st Dep't 2003). Moreover, New York law requires that "[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense." CPLR § 3013. "[C]onclusory averments of wrongdoing are insufficient to sustain a complaint unless supported by allegations of ultimate facts." Muka v. Greene County, 477 N.Y.S.2d 444, 445 (3d Dept. 1989), *leave denied,* 63 N.Y.2d 610 (N.Y. 1984).

Here, Pusey does not allege sufficient facts to support any cognizable legal claim, and instead makes only the bare legal conclusion that Defendants have engaged in unlawful "restraint of trade." As set forth below, this conclusory assertion, absent more specific pleading, is insufficient to withstand this Motion to Dismiss.

## POINT II

## PUSEY'S COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR COMMON LAW "RESTRAINT OF TRADE"

Pusey does not articulate the specific causes of action in the Complaint, aside from alleging that Defendants have engaged in "restraint of trade." To the extent Pusey alleges

common law restraint of trade through tortious interference with prospective economic advantage, her claim fails because she has not pleaded the requisite elements of a cause of action. "To maintain an action for tortious interference with a plaintiff's business relations under New York law, a plaintiff must demonstrate that (1) there is a business relationship between the plaintiff and a third party; (2) the defendant, knowing of that relationship, intentionally interferes with it; (3) the defendant acts with the sole purpose of harming the plaintiff, or, failing that level of malice, uses dishonest, unfair, or improper means; and (4) the relationship is injured." Mahmud v. Kaufmann, M.D., et. al., 454 F. Supp. 2d 150, 162 (S.D.N.Y. 2006); see also Guard-Life Corp., v. S. Parker Hardware Manufacturing Corp., 406 N.Y. 2d 183, 191 n. 3 (N.Y. 1980) (identifying tortious interference as a form of restraint of trade).

Here, Pusey cannot make out a claim for restraint of trade through tortious interference because she does not allege any actions on the part of Defendants directed toward a third party, or any actions taken by the Bank or the "Banking Center Manager" to convince Pusey's prospective employers not to hire her.  With respect to the second element of a tortious interference claim, "the defendants must interfere with the business relationship directly; that is, the defendant must direct some activities toward the party and convince the third party not to enter into the business relationship with plaintiff." Mahmud, 454 F. Supp. 2d at 162.  Pusey does not allege that the Bank or the "Banking Center Manager" informed any prospective employer of Pusey's "not-hirable" status within the Bank, nor does she allege that any defendant was aware of Pusey's job applications and actively sought to convince any prospective employer not to hire her.  As a result, dismissal is warranted.

Just as Pusey has failed to plead facts sufficient to satisfy the first two elements of a tortious interference claim, she has not pleaded any facts sufficient to satisfy the third element –

namely malicious or wrongful intent.  To do so, "a plaintiff must demonstrate that the action complained of was motivated solely by malice or to inflict injury by unlawful means rather than by self-interest or other economic considerations."  Id.; see also In re Coin Phones, Inc. v. New York Telephone, 203 B.R. 184, 207 (S.D.N.Y. 1996) ("to succeed on a cause of action for tortious interference with prospective business relations or advantage, a plaintiff must show that a competing defendant used unlawful means or that the defendant's sole motive was to injure the plaintiff").  Where, as is the case here, "plaintiff's allegations fail to specifically allege any malice by defendants or conduct which could be characterized as committed for the sole purpose of harming him, or any wrongful means used by defendants," dismissal is warranted.  Lopresti v. Massachusetts Mutual Life Ins. Co., 2004 WL 2364916, at *6 (N.Y. Sup. Ct. Kings Co. Oct. 19, 2004), aff'd 30 A.D.3d 474 (2d Dep't 2006).

In sum, to the extent Pusey's general allegations of "restraint of trade" could be interpreted as alleging a common law claim for tortious interference with prospective economic advantage, the Complaint warrants dismissal because Pusey has not pleaded any of the requisite elements of knowing and direct interference, together with malicious or wrongful intent.

**POINT III**

**PUSEY'S COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR STATUTORY "RESTRAINT OF TRADE"**

As noted above, Pusey has not articulated the particular legal theory under which she seeks to impose liability on the Bank, or the "Banking Center Manager," other than to allege generally a "restraint of trade."  Therefore, to the extent Pusey alleges statutory "restraint of trade," dismissal is warranted because Pusey neither has standing to raise such a claim, nor does she state a cause of action sufficient to withstand a motion to dismiss.

N.Y. General Business Law § 340 (the "Donnelly Act") prohibits restraint of trade, in relevant part, as follows:  "every contract, agreement, arrangement or combination whereby:  A monopoly in the conduct of any business, trade or commerce or in the furnishing of any service in this state, is or may be established or maintained, or **whereby: Competition or the free exercise of any activity in the conduct of any business, trade or commerce or in the furnishing of any service in this state is or may be restrained** . . . is hereby declared to be against public policy, illegal and void." Emphasis added.  See generally Benjamin v. Austin Sheppard Realty, Inc., 34 A.D.3d 91, 94 (2d Dep't 2006) (noting that the Donnelly Act is construed in accordance with the Sherman Act).

Dismissal of Pusey's statutory restraint of trade claim is warranted first and foremost because Pusey lacks standing to bring such a claim.  Ruotolo v. Fannie Mae, 933 F. Supp. 2d 512, 521 (S.D.N.Y. 2013) (dismissing Sherman and Donnelly Act claims).  A plaintiff only has standing if she suffered an antitrust injury.  Id. at 522.  "An antitrust injury is an injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful."  Mahmud, 454 F. Supp. 2d at 159-60.  A complaint alleging an antitrust claim "should reflect the anticompetitive effect either of the violation or of anticompetitive acts made possible by the violation. It should, in short, be the type of loss that the claimed violations … would be likely to cause."  Id. at 160.  This requirement "stems from the fundamental principle that the antitrust laws … were enacted for the protection of competition, not competitors."  Id.  "Therefore, to allege an antitrust injury, a plaintiff must show more than that she was injured by certain defendants' conduct."  Id.  This means the plaintiff "must allege not only cognizable harm to himself, but an adverse effect on competition market-wide."  Ruotolo,  933 F. Supp. 2d at 522.  Here, however, Pusey does not allege harm or an

8

adverse effect on competition marketwise.  To the contrary, Pusey alleges only that she has been denied job opportunities in both banking and retail.  In short, because Pusey's allegations do not fall within the realm of antitrust laws, dismissal is warranted because she lacks standing to bring a statutory claim for restraint of trade.

Even if Pusey had standing to bring a statutory claim of restraint of trade, which she does not, dismissal is warranted for failure to state a claim.  "To state a claim under the Donnelly Act, a party must: (1) identify the relevant product market, (2) describe the nature and effects of the purported conspiracy, (3) allege how the economic impact of that conspiracy is to restrain trade in the market in question, and (4) show a conspiracy or reciprocal relationship between two or more entities."  Benjamin, 34 A.D.3d at 94; see also Wolf Concept S.A.R.L. v. Eber Bros., 736 F. Supp. 2d 661, 667 (W.D.N.Y. 2010) (entering judgment on the pleadings, applying the same standards as a motion to dismiss).  In a complaint alleging restraint of trade, "a plaintiff must allege sufficient facts to support a cause of action under the antitrust laws.  Conclusory allegations that the defendant violated those laws are insufficient."  Wolf, 736 F. Supp. 2d at 668.

Here, the Complaint does nothing more than allege restraint of trade in a conclusory manner, without any of the requisite elements detailed above.  First and foremost, Pusey's failure to identify the specific product market affected is fatal to her claim.  Id.  "Without a definition of that market, there is no way to measure a defendant's ability to lessen or destroy competition … a relevant market consists of both a product market – those commodities or services that are reasonably interchangeable, and a geographic market – the area in which such reasonable interchangeability occurs."  Benjamin, 34 A.D.3d at 95.  Pusey does not allege a specific product or geographic market.  In fact, Pusey makes no allegation as to geography whatsoever, and by

claiming that Defendants are engaging in restraint of trade in relation to her application for employment at various financial institutions and various retail stores, Pusey explicitly admits that her claim is not limited to a specific product or service market.

Second, a cognizable statutory claim for restraint of trade requires an allegation of injury to the market as a whole, not to the individual.  Id. at 97.  "Antitrust laws are concerned only with acts that harm competition, not competitors," and in any event, "a company has a right to select a person with whom it does business and to refuse to deal or continue to deal with anyone for reasons sufficient to itself." Id.; see also Lopresti v. Massachusetts Mutual Life Ins. Co., 2004 WL 2364916 at *3 (noting that "the injury alleged, to be cognizable under the Donnelly Act, must be to competition in the market, not merely a loss" to an individual). Pusey does not allege that the Bank's actions have or might harm competition or the market, only that the actions of the Bank and the "Banking Center Manager" have prevented her from obtaining subsequent employment with two financial banking institutions and a retail store, nothing more.

 Finally, dismissal is warranted because Pusey fails to allege that Defendants "engaged in concerted activity with another entity."  Id. at 98; see also Abe's Rooms, Inc. v. Space Hunters, Inc., 38 A.D.3d 690, 692 (2d Dep't 2007) (affirming dismissal where plaintiff did not allege that defendants engaged in concerted activity with another legal entity); see also Matter of Payton Lane Properties, Inc., 1998 WL 1083652, at * (N.Y. Sup. New York Co. Dec. 17, 1998) (noting that to establish restraint of trade, there must be alleged a conspiracy between two or more entities).  Pusey's only allegation here is that the Bank and the "Banking Center Manager" made an internal notation that she was "not-hirable."  There is no allegation that the Bank and/or the "Banking Center Manager" conspired or colluded with any other entity to blacklist her or deny her future employment.

10

In sum, because Pusey's Complaint contains only the vague, conclusory assertion that Defendants engaged in restraint of trade, dismissal is warranted as to the Complaint, in its entirety.  See Neri's Land Improvement, LLC v. JJ. Cassone Bakery, Inc., 65 A.D.3d 1312, 1315 (2d Dep't 2009) (affirming dismissal of Donnelly Act claim for failure to state a claim); Lopresti v. Massachusetts Mutual Life Ins. Co., 30 A.D.3d 474, 475 (2d Dep't 2006) (affirming dismissal because the complaint contained only vague, conclusory allegations insufficient to adequately plead a conspiracy or reciprocal relationship between two or more entities and failed to identify a relevant market, or an injury to competition cognizable under the statute).

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that its Motion to Dismiss be granted and that Plaintiff's Complaint be dismissed in its entirety and with prejudice.

EDWARDS WILDMAN PALMER LLP

/s/ Jennifer A. Watson
Jennifer A. Watson, Esq.
44 Whippany Road
Morristown, New Jersey  07960
Phone:  973-520-2300
Fax:  973-520-2600

-and-

750 Lexington Avenue
New York, New York 10022
Phone: 212-308-4411
Fax:    212-308-4844

*Attorneys for Defendant*
*Bank of America, N.A.*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 22, 2014, I served a true and accurate copy of Defendant's Memorandum in Support of Motion to Dismiss by the CM/ECF system, and by next business day overnight mail upon Plaintiff's counsel of record as follows:

TO:   Stephen N. Knights, Esq.
       2009 Nostrand Avenue, Suite 100
       Brooklyn, NY 1120
       (718) 421-6521

       *Attorney for Plaintiff*

                                /s/ Jennifer A. Watson