```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
MISKHA PUSEY,

                    Plaintiff,
                                                    MEMORANDUM AND ORDER
      -against-                                     14-CV-04979 (FB) (LB)

BANK OF AMERICA, N.A., ANDRE
MACK, and SMITHA LUKOSE-KHAN,

                    Defendants.
---------------------------------------------------x
```

*Appearances:*

| For the Plaintiff: | For the Defendants: |
|---|---|
| STEPHEN KNIGHTS, ESQ. | CAROLINE F. TURCOTTE, ESQ. |
| SHELLON WASHINGTON, ESQ. | SIOBHAN M. SWEENEY, ESQ. |
| Stephen Knights P.C. | Locke Lord LLP |
| 2009 Nostrand Avenue | 111 Huntington Avenue |
| Brooklyn, NY 11210 | Boston, MA 02199 |

**BLOCK, Senior District Judge:**

On June 24, 2014, Mishka Pusey ("Pusey") – a New York resident – filed this action in New York Supreme Court, Kings County against Bank of America, N.A. ("Bank of America") – which is headquartered in North Carolina – and an unidentified "Banking Center Manager" (collectively, "Defendants"). On August 21, 2014, Defendants removed this case to the Eastern District of New York based on diversity of citizenship between Pusey and Bank of America. On November 11, 2014, Judge Glasser allowed Pusey to file an amended complaint (the "Amended Complaint") adding two new defendants, Andre Mack ("Mack") – the previously unidentified

"Banking Center Manager" – and Smitha Lukose-Khan ("Lukose-Khan"), another Bank of America employee.[1] Defendants now move to dismiss the Amended Complaint pursuant to Rule 12(b)(6).

The Court's subject-matter jurisdiction is based on diversity of citizenship. *See* 28 U.S.C. § 1332(a)(2). However, there is reason to believe that Mack and Lukose-Khan are New York citizens whose joinder destroyed diversity jurisdiction. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

Mack's affidavit of service shows that he was served the Amended Complaint at 398 MacDonough St., Apt. 1, Brooklyn, NY 11233. *See* Aff. of Service, Dkt. No. 23. A Google Maps search shows that address to be a residential building. Accordingly, it appears that Mack resides in Brooklyn, thus giving him New York citizenship. Further, since Lukose-Khan's affidavit of service shows that she was served the Amended Complaint at a Brooklyn Bank of America branch, *see* Aff. of Service, Dkt. No. 24, it is also likely that she is a New York citizen.

Because Mack and Lukose-Khan's citizenship could divest the Court of its subject-matter jurisdiction, the Court raises this issue *sua sponte*. *See D'Amico Dry*

---

[1] This case was originally assigned to Judge Glasser and was only transferred to this Court after the parties' 12(b)(6) motion papers were fully briefed and filed.

2

*Ltd. v. Primera Mar. (Hellas) Ltd.*, 756 F.3d 151, 161 (2d Cir. 2014) ("Federal courts have a duty to inquire into their subject matter jurisdiction sua sponte, even when the parties do not contest the issue."). As such, unless the parties submit conclusive documentary evidence establishing Mack and Lukose-Khan's citizenship status, the Court will hold an evidentiary hearing on June 23, 2015 at 12:00 p.m. to resolve this jurisdictional issue.

If Mack and Lukose-Khan are New York citizens, the Court would typically undertake a two-part analysis under § 1447(e) before determining whether to allow Pusey to amend her complaint to join them as non-diverse defendants:

> In order to determine whether to permit joinder [of a non-diverse defendant] and remand a case pursuant to § 1447(e), the Court engages in a two-part analysis. First, the Court must evaluate whether the joinder of an additional defendant is permissible under Federal Rule of Civil Procedure 20(a)(2) . . . . If the Court finds that joinder is permissible, the Court then turns to the second step, which requires the Court to conduct a fundamental fairness analysis in order to ascertain whether the balancing of certain relevant considerations weighs in favor of joinder and its necessarily attendant remand.

*Vanderzalm v. Sechrist Indus. Inc.*, 875 F. Supp. 2d 179, 183 (E.D.N.Y. 2012) (quotations and citations omitted). This did not happen here. As such, if Mack or Lukose-Khan destroyed diversity jurisdiction, the Court will vacate the order that permitted Pusey to file the Amended Complaint that added them as defendants under Rule 54(b). *See Abraham v. Nat. Foods Corp. v. Mount Vernon Fire Ins. Co.*, 576 F.

Supp. 2d. 421 (E.D.N.Y. 2008) ("[W]here an amended complaint joining non-diverse parties has been permitted by the court, the court may avoid remand called for in [§ 1447(e)] by [] vacating the order permitting joinder pursuant to [Rule 54(b)] . . . ."). Afterwards, Pusey could either (1) decide to not pursue Mack and Lukose-Khan as defendants, preserving diversity jurisdiction, or (2) move again to join Mack and Lukose-Khan as defendants and remand this action under § 1447(e).

    **SO ORDERED.**

/S/ Frederic Block\
FREDERIC BLOCK\
Senior United States District Judge

Brooklyn, New York\
June 16, 2015